UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Aryee Henderson, aka Aryee Henderson #59105, ) ) ) ) Plaintiff, ) ) vs. ) ) ) Michael Stephan, Warden; Lashawn ) Peeples, Associate Warden; Gregory ) Washington, Associate Warden; James ) Parrish, Associate Warden; and Ms. ) Gasque, Grievance Coordinator ) ) Defendants. ) _____ | Civil Action No. 4:19-1861-BHH-TER **ORDER AND OPINION** |

Plaintiff, who is proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with his confinement within the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On November 26, 2019, Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation ("Report") (ECF No. 39) addressing Plaintiff's motions for preliminary injunction (ECF Nos. 17, 31). Magistrate Judge Rogers found that Plaintiff's motions fail to satisfy the standard for the issuance of preliminary injunctions articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). (ECF No. 39 at 2-3.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. (ECF No. 39-1.) Plaintiff filed no objections within the allotted time period, but filed a response to the Report

stating, "[Y]ou don't have to rule on the Preliminary Injunction because Broad River C.I. staff and administrative officials won't allow me to go to the law library at all. I filed grievances and spoke with Warden Stephan, A/W Peeples, and A/W Inabinett. Yet, they still won't let me go." (ECF No. 43 at 1.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds the Magistrate Judge's recommendation to be proper and to evince no error, and agrees with the Magistrate Judge's findings.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 39) herein by specific reference. Plaintiff's motions for Preliminary Injunction (ECF Nos. 17, 31) are DENIED and this case will proceed with further pretrial matters.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

February 12, 2020  
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.