UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ARYEE HENDERSON, #237887, )<br>a/k/a ARYEE HENDERSON, #59105, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>MICHAEL STEPHAN, Warden; )<br>LASHAWN PEEPLES, Associate )<br>Warden; GREGORY WASHINGTON, )<br>Associate Warden; JAMES PARRISH, )<br>Associate Warden; and MS. GASQUE; )<br>Grievance Coordinator; )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 4:19-cv-1861-BHH-TER<br><br><br><br><br><br>**ORDER** |

**I.    INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated his constitutional rights in connection with his confinement within the South Carolina Department of Corrections (SCDC). Presently before the court are Plaintiff's Motion to Compel (ECF No. 46), Motions for Appointment of Independent Examinations (ECF Nos. 54, 57), and Motions for Leave to File an Amended Complaint (ECF Nos. 55, 56). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

**II.    MOTION TO COMPEL**

Plaintiff seeks an order compelling Defendants to respond to discovery requests he served on October 14, 2019, and November 25, 2019. Pursuant to the Court's scheduling order (ECF No. 27) dated September 27, 2019, "Discovery shall be completed no later than November 29, 2019. All discovery requests shall be served in time for the responses thereto to be served by this date."

Plaintiff discovery requests served on November 25, 2019, were clearly untimely and, thus, his motion is denied as to those requests. Defendants assert that they served responses to Plaintiff's October 14, 2019, discovery requests, including 220 pages of documents, on December 5, 2019, prior to the motion to compel being filed. Defendants note that it is possible that their responses and Plaintiff's motion, filed December 12, 2019, crossed in the mail. Plaintiff does not dispute receiving these responses after the filing of his motion. Accordingly, with respect to the October 14, 2019, discovery requests, Plaintiff's motion is denied as moot.

### III.    MOTIONS FOR APPOINTMENT OF AN INDEPENDENT EXAMINATIONS

In his motion for appointment of an independent psychiatric examination, Plaintiff requests to be examined by Bradley Freeman, M.D., Fellow in Forensic Psychiatry, University of South Carolina School of Medicine, and Richard L. Frierson, M.D., Professor of Clinical Psychiatry, University of South Carolina School of Medicine. He asserts that he has not been properly diagnosed by the SCDC Psychiatrists and Clinical Counselors and he needs to be examined to prove his allegations that he his not receiving proper treatment for his mental health symptoms.

In his motion for appointment of an independent physical examination, Plaintiff seeks to be examined by a certified physician at Palmetto Richland Memorial Hospital or an outside certified physician of the Court's choice. He asserts that such an examination is necessary for the purpose of ascertaining the physical injuries sustained by Plaintiff while housed in the Wateree Unit at Broad River Correctional Institution.

Rule 35 of the Federal Rules of Civil procedure governs physical and mental examinations. Rule 35(a)(1) allows courts to "order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a

person who is in its custody or under its legal control." Plaintiff asks the court to order the prison to produce him for examination at his request. However, this position has been routinely rejected. "Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003), cert. denied, 540 U.S. 1132, 124 S.Ct. 1107, 157 L.Ed.2d 936 (2004); see also Davis v. United States, No. 4:13-CV-2952-RBH-TER, 2015 WL 300395, at *2 (D.S.C. Jan. 22, 2015)(collecting cases); Nesbitt v. Riley, No. CA 0:14-2788-RMG-PJG, 2015 WL 1517505, at *2 (D.S.C. Apr. 1, 2015), subsequently aff'd, 619 F. App'x 259 (4th Cir. 2015); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir.1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs). "Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." Brown, 74 Fed. App'x at 164. Accordingly, Plaintiff's requests are improper under this rule and his motions are denied.

## IV.     MOTIONS FOR LEAVE TO AMEND COMPLAINT

In these motions, Plaintiff seeks to amend his complaint to add additional parties and claims. Pursuant to the scheduling order (ECF No. 27) dated September 27, 2019, "[m]otions to amend pleadings shall be filed no later than October 28, 2019. Amendments of pleadings beyond this date will not be permitted absent extraordinary circumstances." Plaintiff filed the present motions on January 13, 2020, and January 24, 2020. He has failed to show good cause under Fed.R.Civ.P. 16 for why he was unable to meet the scheduling order deadline nor has he shown extraordinary circumstances as set forth in the scheduling order. Accordingly, his motions are denied.

## VI. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel (ECF No. 46), Motions for Appointment of Independent Examinations (ECF Nos. 54, 57), and Motions for Leave to File an Amended Complaint (ECF Nos. 55, 56) are **DENIED**.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 26, 2020
Florence, South Carolina