UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Aryee Henderson,              )
                                )
               Plaintiff,    )    Civil Action No. 4:19-1861-BHH
                                )
        vs.              )
                                )
Michael Stephan, Warden; Lashawn  )    **OPINION AND ORDER**
Peeples, Associate Warden; Gregory  )
Washington, Associate Warden; James  )
Parrish, Associate Warden; and Ms.  )
Gasque, Grievance Coordinator,    )
                                )
            Defendants.  )
_____)

     Plaintiff Ayree Henderson ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with his confinement within the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Rogers on May 26, 2020. (ECF No. 80.) In his Report, the Magistrate Judge recommends that the Court grant Defendants Michael Stephan, Warden ("Stephan"), Lashawn Peeples, Associate Warden ("Peeples"), Gregory Washington, Associate Warden ("Washington"), James Parrish, Associate Warden ("Parrish"), and Ms. Gasque, Grievance Coordinator's ("Gasque") (collectively "Defendants") motion for summary judgment and dismiss the case. (*Id.* at 8.) The Report sets forth in detail the relevant facts and standards of law, and the

Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Rogers issued the Report on May 26, 2020. (ECF No. 80.) Plaintiff filed objections to the Report on June 11, 2020. (ECF No. 82.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In the Report, Magistrate Judge Rogers explains that Plaintiff's § 1983 claims stem from the alleged denial of outdoor exercise, fresh air, and sunlight, as well as his inability

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

to have a job or participate in a number of activities during his incarceration at various facilities within the SCDC. (ECF No. 80 at 2.) After correctly stating the law pertaining to exhaustion of administrative remedies under the Prison Litigation Reform Act and summarizing the factual basis for Defendants' assertion that Plaintiff failed to exhaust his administrative remedies, the Magistrate Judge found that Plaintiff failed to exhaust all required levels of administrative review and such failure could not be excused because Plaintiff did not show the presence of circumstances that would make the grievance procedure "unavailable" under applicable law. (*See id.* at 4–8).

Plaintiff objects by arguing that "at the time he filed his 'Emergency Grievance' he was a mentally ill prison that was 41 years old suffering from: loss of muscle mass, poor health, lack of energy, migraine headaches and severe depression." (ECF No. 82 at 1–2 (citing Step 1 Grievance Form, ECF No. 61-4).) He disagrees with the Magistrate Judge's conclusion that Plaintiff himself did not treat the grievance as an emergency grievance, and asserts that Gasque, the institutional grievance coordinator, failed to carry out her parallel duties as the Americans with Disabilities Act ("ADA") coordinator because she knew he was a mentally ill prisoner and did not "ensure that services, programs, and activities were readily accessible to and usable by [him]." (*Id.* at 2.) Plaintiff contends that the lack of outdoor exercise, fresh air circulation, and direct sunlight to which he was subjected due to various facility lock downs was an "emergency" because his allegations "described a situation or condition in which Plaintiff's health was threatened or in serious danger." (*Id.* at 2–3.) Finally, Plaintiff argues that under 42 U.S.C. § 1997e, "failure to exhaust is not a permissible basis for sua sponte dismissal. Because Plaintiff properly exhausted his

administrative remedies with respect to the issues raised in the case, summary judgment in Defendants' favor is not appropriate." (*Id.* at 4.)

The Court finds that Plaintiff's objections do not show any error in the sound reasoning and conclusions of the Magistrate Judge. The undersigned does not discount Plaintiff's subjective experience of not being able to get outdoor exercise or sufficient direct sunlight as distressing. At the same time, Magistrate Judge Rogers correctly notes that Plaintiff did not pursue his grievance beyond Step 1 as required by SCDC Policy GA-01.12 (ECF No. 61-3), nor did he designate his grievance as an emergency grievance or take further action after it was returned to him having not been treated as an emergency grievance. Accordingly, Plaintiff's objections are overruled and Plaintiff's failure to properly exhaust his administrative remedies bars jurisdiction in this Court. The Report is ADOPTED, Defendants' motion for summary judgment (ECF No. 61) is GRANTED, and this case is DISMISSED in its entirety.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks_____
United States District Judge

November 19, 2020
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4